**14 CV 6586**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED AUG 18 2014 U.S.D.C. S.D.N.Y. CASHIERS

| | |
|---|---|
| SMART DESTINATIONS, INC. | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| TRAVEL FUN CARD LLC, and IVENTURE CARD ASIA LTD. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff, Smart Destinations, Inc. ("Smart Destinations") is a Delaware corporation having a principal place of business at 711 Atlantic Avenue, Boston, MA 02114.

2. On information and belief, Defendant Travel Fun Card LLC ("Travel Fun Card") is an entity organized under the laws of New York and having a principal place of business at 520 White Plains Road, Suite 500, Tarrytown, NY 10591.

3. On information and belief, Defendant iVenture Card Asia Ltd ("iVenture") is an entity organized under the laws of Hong Kong and having a place of business at Kingswell Commercial Tower, Unit 7A, 173 Lockhart Road, Wanchai, Hong Kong.

4. This action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Travel Fun Card because it is a New York entity having its principal place of business in New York.

7. This Court has personal jurisdiction over iVenture by virtue of its continuous and systematic contacts with New York in the normal course of its business and because it has committed acts within the state of New York that give rise to Smart Destinations' claims.

## Background

8. Smart Destinations is the owner of United States Patent No. 7,765,128 ("the '128 Patent") entitled "Programmable Ticketing System," and has a right to sue on the '128 Patent. A copy of the '128 Patent is attached as Exhibit A.

9. Smart Destinations is the owner of United States Patent No. 8,346,618 ("the '618 Patent") entitled "Programmable Ticketing System," and has a right to sue on the '618 Patent. A copy of the '618 Patent is attached as Exhibit B.

10. On information and belief, Travel Fun Card makes, uses, sells, offers for sale, and/or imports products and services under the name VISITicket, including smartcard based attraction passes marketed as Las Vegas Power Pass and Honolulu Power Pass.

11. On information and belief, iVenture makes, uses, sells, offers for sale, and/or imports products and services under the name iVenture Card, including smartcard based attraction passes marketed as Las Vegas Unlimited Attractions Pass and Honolulu Unlimited Attractions Pass.

## First Cause of Action
### (Travel Fun Card's Infringement of the '128 Patent)

12. Smart Destinations incorporates by reference each of the foregoing paragraphs, as if fully stated herein.

13. On information and belief, Defendant Travel Fun Card infringes and/or is liable for the infringement of the '128 Patent under 35 U.S.C. §271 (literally and/or by equivalents), including at least by making, using, selling, offering to sell and/or importing the Las Vegas Power Pass, and/or Honolulu Power Pass, and/or systems related thereto.

14. On information and belief, prior to this action Defendant Travel Fun Card had knowledge of the '128 patent.

15. On information and belief, Defendant Travel Fun Card's infringement of the '128 Patent has been willful, has caused and will continue to cause Smart Destinations to suffer substantial damages, and has caused and will continue to cause Smart Destinations to suffer irreparable harm for which there is no adequate remedy at law.

## Second Cause of Action
### (Travel Fun Card's Infringement of the '618 Patent)

16. Smart Destinations incorporates by reference each of the foregoing paragraphs, as if fully stated herein.

17. On information and belief, Defendant Travel Fun Card infringes and/or is liable for the infringement of the '618 Patent under 35 U.S.C. §271 (literally and/or by equivalents), including at least by making, using, selling, offering to sell and/or importing the Las Vegas Power Pass, and/or Honolulu Power Pass, and/or systems related thereto.

18. On information and belief, prior to this action Defendant Travel Fun Card had knowledge of the '618 patent.

19. On information and belief, Defendant Travel Fun Card's infringement of the '618 Patent has been willful, has caused and will continue to cause Smart Destinations to suffer substantial damages, and has caused and will continue to cause Smart Destinations to suffer irreparable harm for which there is no adequate remedy at law.

## Third Cause of Action
### (iVenture's Infringement of the '128 Patent)

20. Smart Destinations incorporates by reference each of the foregoing paragraphs, as if fully stated herein.

21. On information and belief, Defendant iVenture infringes and/or is liable for the infringement of the '128 Patent under 35 U.S.C. §271 (literally and/or by equivalents), including at least by making, using, selling, offering to sell and/or importing the Las Vegas Unlimited Attractions Pass and/or the Honolulu Unlimited Attractions Pass, and/or systems related thereto.

22. On information and belief, prior to this action Defendant iVenture had knowledge of the '128 patent.

23. On information and belief, Defendant iVenture's infringement of the '128 Patent has been willful, has caused and will continue to cause Smart Destinations to suffer substantial damages, and has caused and will continue to cause Smart Destinations to suffer irreparable harm for which there is no adequate remedy at law.

**Fourth Cause of Action**
**(iVenture's Infringement of the '618 Patent)**

24. Smart Destinations incorporates by reference each of the foregoing paragraphs, as if fully stated herein.

25. On information and belief, Defendant iVenture infringes and/or is liable for the infringement of the '618 Patent under 35 U.S.C. §271 (literally and/or by equivalents), including at least by making, using, selling, offering to sell and/or importing the Las Vegas Unlimited Attractions Pass and/or the Honolulu Unlimited Attractions Pass and/or systems related thereto.

26. On information and belief, prior to this action Defendant iVenture had knowledge of the '618 patent.

27. On information and belief, Defendant iVenture's infringement of the '618 Patent has been willful, has caused and will continue to cause Smart Destinations to suffer substantial damages, and has caused and will continue to cause Smart Destinations to suffer irreparable harm for which there is no adequate remedy at law.

## Prayer for Relief

WHEREFORE, Smart Destinations respectfully requests the following relief:

1. enjoin Travel Fun Card and iVenture, and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '128 and '618 Patents;

2. award Smart Destinations compensatory damages, costs, prejudgment interest and postjudgment interest for the infringement of the '128 and '618 Patents alleged herein;

3. award Smart Destinations treble damages for willful patent infringement;

4. declare this to be an exceptional case under 35 U.S.C. §285 and award Smart Destinations its reasonable attorneys' fees; and

5. award such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Smart Destinations hereby demands a trial by jury of all issues so triable in this action.

Respectfully Submitted,

Smart Destinations, Inc.
By its Attorneys,

Jonathan H. Friedman
jfriedman@foley.com
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
Phone: 212-338-3416
Fax:    212-687-2329

OF COUNSEL:

Matthew B. Lowrie
mlowrie@foley.com
Lucas I. Silva
lsilva@foley.com
Foley & Lardner, LLP
111 Huntington Avenue
Boston, MA 02199
Phone: 617-342-4000
Fax:    617-342-4001


Dated: August 18, 2014